CIVIL ACTION NO.: 07-CV-400

| | |
|---|---|
| **Sarl SUPERSOL** § | |
| Plaintiff, § | |
| § | **IN THE UNITED STATES DISTRICT** |
| V. § | **COURT, SOUTHERN DISTRICT OF** |
| § | **TEXAS – HOUSTON DIVISION** |
| **TEXAS RAQUET & SPA, INC. d/b/a** § | |
| **WESTSIDE TENNIS CLUB** § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

1. This is a breach of contract action between a French company, Sarl Supersol ("Supersol"), and a Texas corporation, Texas Racquet & Spa, Inc., d/b/a Westside Tennis Club ("Westside"), concerning damages suffered by Supersol as a result of Westside's decision to cancel a contract to install red clay surfacing for the upcoming professional tennis Men's United States Clay Court Championships.

### Parties

2. Sarl Supersol is a private company registered under the laws of France and has its principal place of business is in Le Plesssis-Brouchard, France.

3. Texas Racquet & Spa, Inc., d/b/a Westside Tennis Club is a Texas corporation which has its principal place of business is 1200 Wilcrest Drive, Houston, Harris County, Texas 77042. Westside may be served with process through its registered agent for service, Linda McIngvale, at its registered office, 1200 Wilcrest Drive, Houston, Texas 77042, or through its president, Jim McIngvale, at 6006 North Freeway, Houston, Texas 77076.

**Jurisdiction and Venue**

4.      This court has diversity jurisdiction in this case under 28 U.S.C. § 1332(a)(2) because the plaintiff is a citizen or subject of a foreign state and the defendant is a citizen of Texas, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper under 28 U.S.C. § 1391(a) because the sole defendant resides in the Southern District of Texas and because a substantial part of the events giving rise to this claim occurred in the Southern District of Texas.

**Background**

6.      Plaintiff Supersol is a supplier of red clay used for clay tennis court surfaces, for which it also provides installation, care and maintenance. Supersol has provided and installed red clay surfacing in France and abroad, including for the French Open at Roland Garros and numerous Davis Cup and Fed Cup events.

7.      Beginning in 2001, Westside and its owners, Jim and Linda McIngvale, began hosting the Men's United States Clay Court Championships. At Westside's request, Supersol has supplied the clay court materials and installation services for the past Clay Court Championships hosted at Westside.

8.      In early December 2006, Westside requested in writing that Supersol again provide materials and services for the Men's United States Clay Court Championships, to be completed by April 1, 2007 in advance of the tournament's start on April 9, 2007. The request stated that Westside wanted the Supersol "crew to come over and re surface the red clay courts for the April tournament," that it would "need 2 stadium courts completely re-done," and another court would need both a "new limestone" subsurface along with the red clay surface. Supersol responded with a detailed offer dated December 4, 2006 in the form of a "Proforma Bill". The

offer contained an itemized breakdown of services and materials, with line-item costs associated with each service or material being proposed. The total, quoted in Euros, was 385,735 €, which is equal to approximately $500,000 on the basis of present exchange rates. Westside, through its registered agent and treasurer, Linda McIngvale, accepted the offer in full and without modification, signing "Agreed, Linda McIngvale." A true and correct copy of the contract is attached to this Complaint as Exhibit 1.

9. On December 7, 2006, Ms. McIngvale sent a second letter to Supersol in which she claimed to have "misunderstood" the original contract, and that, contrary to her prior written order, Westside did not "need any of the courts completely redone." Wishing to accommodate its long-time customer, Supersol agreed to revise its prior agreement, and promptly sent a new offer which reflected Ms. McIngvale's revised request. Again, Linda McIngvale accepted the offer, initializing the revised document "LM" and sending it back to Supersol. This time the total was for 253,352 €, or approximately $328,000. A true and correct copy of the revised contract is attached hereto as Exhibit 2.

10. On December 21, 2007, notwithstanding its express written agreement to purchase services and materials from Supersol, Westside unilaterally cancelled the contract offering as its only excuse the "exchange rate to the Euro" made the cost prohibitive and that it had opted to hold a "green clay tournament here in the US." A true and correct copy of Westside's cancellation notice is attached as Exhibit 3. Westside's approval or disapproval of the exchange rate was not a condition to the formation of the parties' agreement, nor had the parties' agreed that Westside could cancel the contract for any reason, let alone on account of currency exchange rates or a sudden change in the surface to be used for the tournament.

### Cause of Action for Breach of Contract

11. Based on the foregoing facts and exhibits, which are incorporated herein by express reference, Supersol states a claim against Westside for breach of contract. Plaintiffs have been damaged to a material and critical degree based on the Westside's wrongful termination and breach of the parties' contract. All conditions precedent to performance have occurred or have been rendered moot by Westside's actions. Supersol is entitled to recover actual damages as measured by its lost profits plus expenditures, if any, made prior to Westside's breach, or any other measure of damages available at law. Supersol's lost profits plus expenditures, exclusive of interest, costs, and fees, are $233,000.

### Attorneys' Fees

12. Supersol hereby presents its claim for breach of contract to Westside under Chapter 38 of the Texas Civil Practices and Remedies Code. The just amount owed plaintiffs as of the date of this petition is $233,000. In the event Westside refuses to tender the just amount owed before the expiration of the 30th day after presentment of this claim, Supersol will be entitled to recover their reasonable attorneys' fees incurred in prosecuting this action.

### Prayer

WHEREFORE, plaintiff requests that the defendant be cited to appear and answer, and that on final trial, the plaintiff has the following:

(i) Judgment against the defendant for breach of contract.

(ii) Prejudgment interest as provided by law.

(iii) Reasonable attorneys' fees incurred in connection with prosecuting this action.

(iv) Postjudgment interest as provided by law.

(v) Costs of suit.

(vi) Such other and further relief to which the plaintiff may be justly entitled.

Dated:  January 30, 2007                              Respectfully submitted,


         **ARTHUR S. FELDMAN & ASSOCIATES, P.C.**


    By:  /s/ Arthur S. Feldman
        ARTHUR S. FELDMAN
        ATTORNEY-IN-CHARGE
        Texas State Bar No.: 06886600
        S.D. Bar No.: 15174
        1330 Post Oak, Suite 2820
        Houston, Texas 77056
        Telephone: (713) 586-1616
        Facsimile: (713) 586-1617
        arthur@feldmanlawfirm.com

        **ATTORNEYS FOR Sarl SUPERSOL**