# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SARL SUPERSOL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0400 |
| | § | |
| TEXAS RACQUET & SPA, INC., d/b/a | § | |
| WESTSIDE TENNIS CLUB, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

The defendant, Texas Racquet & Spa, Inc., d/b/a Westside Tennis Club ("Westside"), has moved to dismiss this breach of contract suit under Rule 12(b)(6) of the Federal Rules of Civil Procedure or alternatively for a more definite statement under Rule 12(e). (Docket Entry No. 4). The plaintiff, Sarl Supersol, has responded. (Docket Entry No. 5). Based on a careful review of the pleadings, the motion and response, and the applicable law, this court denies the motions to dismiss or for a more definite statement, for the reasons explained below.

### I.    The Allegations in the Complaint

Sarl Supersol is a French company engaged in providing and installing red clay surfacing for tennis courts. In the complaint, Supersol alleges that since 2001, it has supplied the clay court materials and installation services for Westside in connection with the annual Men's United States Clay Court Championships. That tennis tournament is hosted by

Westside's owners, Jim and Linda McIngvale. In December 2006, Westside asked Supersol in writing to provide similar materials and services for the April 2007 tournament, by April 1, 2007. Supersol responded with a December 4, 2006 "proforma bill" quoting a total price of approximately $500,000 based on the applicable Euro/dollar exchange rate. Linda McIngvale, Westside's agent and treasurer, returned the document with the notation "Agreed, Linda McIngvale." On December 7, 2006, Linda McIngvale sent a second letter to Supersol, stating that Westside did not need any courts "completely redone" as stated in the initial letter. Supersol sent a new offer that reduced the work and lowered the price to approximately $328,000 based on the exchange rate. Linda McIngvale initialed this document and returned it. On December 21, 2007, Westside "cancelled the contract," asserting that the exchange rate made the cost "prohibitive." (Docket Entry No. 1 at 3). Supersol filed suit, alleging breach of contract and asserting a right to recover its lost profits and expenditures, in the amount of $233,000, plus attorney's fees. Supersol attached to the complaint copies of the documents that it asserts constitute the offers and acceptances.

In the motion to dismiss, Westside asserts that Supersol has failed to allege the elements of a valid contract. Westside argues that Supersol sent Westside an "estimate," not an "offer," which was returned but not "accepted." Westside also argues that the parties' course of dealing established that no order was complete until Westside paid. (Docket Entry No. 4 at 3–4). Alternatively, Westside asks this court to require Supersol to replead.

**II.   Analysis**

    **A.   The Motion to Dismiss**

### *1.  The Legal Standard*

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff, resolving inferences and doubts in the plaintiff's favor. *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). To avoid dismissal, however, a court need not accept as true conclusory allegations or unwarranted deductions of fact. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

Unlike motions for summary judgment, a Rule 12(b)(6) motion "only tests whether the claim has been adequately stated in the complaint." *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 220 (5th Cir. 1998). "Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Gen. Star Indem. Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950 (5th Cir. 1999). In considering a Rule 12(b)(6) motion to dismiss, a court must limit itself to the contents of the pleadings, with one exception. In *Collins v. Morgan Stanley Dean Witter*, the Fifth Circuit approved the district court's consideration of certain documents the defendant attached to a motion to dismiss. *Collins*, 224 F.3d at

498–99. The Fifth Circuit "restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins*, 224 F.3d at 498–99). Other courts approve the same practice, stating that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1998).

    *2.    Analysis*

In the complaint, Supersol alleges that it made an offer to Westside that was accepted by its authorized agent; that Westside then modified the acceptance, leading to a revised offer by Supersol that Westside's agent accepted. The elements of a breach of contract claim under Texas law are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, which (4) results in damages to the plaintiff. *Adams v. H & H Meat Prods., Inc.*, 41 S.W.3d 762, 771 (Tex. App.—Corpus Christi 2001, no pet.); *Prudential Sec., Inc. v. Haugland*, 973 S.W.2d 394, 397 (Tex. App.—El Paso 1998, pet. denied); *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *McCulley Fine Arts Gallery, Inc. v. "X" Partners*, 860 S.W.2d 473, 477 (Tex. App.—El Paso 1993, no writ). The complaint alleges facts showing each of these elements.

The proposals from Supersol attached to the complaint quote "total prices" for the work and also refer to the "estimate" as not including additional costs and services,

specifically customs charges and plane tickets, lodging, and "restoration" for Supersol's personnel. This court cannot conclude, however, that the complaint fails to allege facts that if proven would show a breach of contract. As Supersol points out, the "proforma" proposals provide definite prices for all materials and work, leaving undefined only the out-of-pocket costs to be incurred by the staff members who would travel to the United States to perform the work. A binding contract may be formed even if some of the terms are not fully specified. *See Ski River Development, Inc. v. McCalla*, 167 S.W.3d 121, 133 (Tex. App.—Waco 2005, no pet.) (citing *Bendalin v. Delgado*, 406 S.W.2d 897, 900 (Tex. 1966) for the proposition that in certain situations, a court may uphold an agreement by supplying missing terms, such as implying a reasonable price); *Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.*, 113 S.W.3d 889, 894–95 (Tex. App.—Dallas 2003, no pet.) ("The failure to specify a price does not necessarily render a contract so indefinite as to be unenforceable."); *Oakrock Exploration Co. v. Killam*, 87 S.W.3d 685, 690 (Tex. App.—San Antonio 2002, pet. denied) (citing *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992), and stating that for an agreement to be enforceable, the parties must have agreed on the essential terms; however, parties may agree upon some contractual terms, understanding them to be an agreement, and leave other terms to be made later).

Westside's argument that under the parties' prior course of dealing, no acceptance of Supersol's offer occurred until Westside paid, relies on facts that are outside the complaint and attached documents. Such an argument may appropriately be raised in a summary judgment motion but is not a basis for granting a motion to dismiss. The motion to dismiss

is denied.

### B.     The Motion for More Definite Statement

#### 1.     *The Legal Standard*

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  FED. R. CIV. P. 12(e).  However, "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed."  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (2d ed. 1990).  A motion for more definite statement is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail.  *See Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001).

#### 2.     *Analysis*

The complaint complies with the Rule 8 notice-pleading standard.  The additional detail Westside seeks is appropriately obtained through initial disclosures and discovery rather than pleading amendment.

## III.     Conclusion

The motions to dismiss or for a more definite statement are denied.

SIGNED on May 1, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge